# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHEN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Kathy S. Eldred, | | Case No. 3:09-CV-01393 |
| Plaintiff, | : | Magistrate Judge Armstrong |
| v. | : | |
| Michael J. Astrue Commissioner of Social Security, | : | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | : | |

The parties have consented to have the undersigned Magistrate enter judgment in this case pursuant to 28 U.S.C. § 636 (c) (1). Plaintiff filed an Application for Attorney Fees and Expenses Under the Equal Access to Justice Act (EAJA) pursuant to 28 U.S.C. § 2412 (Docket No. 24) to which Defendant filed a Response (Docket No. 25) and Plaintiff filed a Reply (Docket No. 26). For the reasons set forth below, Plaintiff's Motion for Attorney Fees and Expense is Denied..

1

**PROCEDURAL BACKGROUND**

Plaintiff filed an application for DIB on August 15, 2005, alleging that she was unable to work because of her disabling condition commencing June 7, 2005 (Tr. 83-85). The claim was denied initially and upon reconsideration. (Tr. 72-74, 69-70). Plaintiff made a timely request for hearing. (Tr. 67). Plaintiff, represented by counsel, and Joseph L. Thompson, a Vocational Expert (VE), appeared at a hearing held on March 10, 2005, before Administrative Law Judge (ALJ) Bryan J. Bernstein (Tr. 477). On July 28, 2008, the ALJ rendered an unfavorable decision finding that Plaintiff was not entitled to a period of disability or DIB. (Tr. 12-27). The Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 2-4).

Complaint was then filed in this Court on June 18, 2009. (Docket No. 1). A Consent Order to have the undersigned Magistrate enter judgment in this case pursuant to 28 U.S.C. § 636 (c) (1) was filed on September 9, 2009. (Docket No. 12). On September 23, 2010 this Court contemporaneously filed a Memorandum Opinion and Order and a Judgment Entry reversing the Commissioner's decision and remanding the case, pursuant to Sentence Four of 42 USC § 405(g), for testimony from the Vocational Expert regarding the range of jobs available to Plaintiff as contemplated at Step Five of the sequential evaluation. (Docket No. 22, 23).

Plaintiff filed a Motion for Attorney Fees on December 21, 2010 raising the issue presently before the Court. (Docket No.24)

**EAJA STANDARD FOR AWARDING FEES**

A court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded, pursuant to subsection (a), to the prevailing party in any civil action

brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. 28 U. S. C. § 2412(b) (Thomson Reuters 2009). The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award. 28 U.S.C.A. § 2412(b) (Thomson Reuters 2009). A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that: (1) the party is a prevailing party, (2) the party is eligible to receive an award under this subsection, (3) the position of the United States was not substantially justified and (4) the itemized statement from any attorney or expert witness representing or appearing in behalf of the party states the actual time expended and the rate at which fees and other expenses were computed. 28 U. S. C. § 2412(d)(1)(B) (Thomson Reuters 2009).

Whether the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which was made in the civil action for which fees and other expenses are sought. 28 U. S. C. § 2412(d)(1)(B) (Thomson Reuters 2009). The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. Hensley v. Eckerhart, 103 S. Ct. 1933, 1941 (1983).

## **DISCUSSION**

Plaintiff argues that she has established her entitlement to an award of attorney fees totaling $3,316.14 and costs and expenses of $350.00. She claims that she was the prevailing

party in this litigation and that Defendant's position was not substantially justified.  In support, Plaintiff presents an itemized statement of actual time expended, a schedule of costs and expenses and a cost-of-living based statement of the rate at which fees were computed (Docket No. 24, Exhibits A, B and C, respectively).

**1.	Prevailing Party.**

A Social Security claimant who obtains a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is a prevailing party for purposes of the EAJA.  Olive v. Commissioner of Social Security, 534 F. Supp. 2d 756, 758 (N. D. Ohio 2008) (citing, Shalala v. Schaefer, 113 S. Ct. 2625 (1993)).

On September 23, 2010, this Court entered an Order  remanding the claim for disability benefits back to the agency for further proceedings under sentence four of 42 U.S.C. Section 405(g) of the Social Security Act. (Docket No. 22).

Accordingly, Plaintiff in this case is a prevailing party as required under 28 U.S.C.A. § 2412(b) (Thomson Reuters 2009).

**2.	Substantial Justification**

A plaintiff is presumptively entitled to attorney's fees unless the government can meet its burden of showing that the position of the United States was substantially justified or that special circumstances make an award unjust.  Olive, supra, 534 F. Supp. 2d 756, 758.  The government's position is substantially justified if it is "justified in substance or in the main-that is, justified to a degree that could satisfy a reasonable person."  Id. (citing, Pierce v. Underwood, 108 S. Ct. 2541, 2550 (1988)).

The government's position can be substantially justified even if found to be not correct, and it can be substantially justified, if a reasonable person could think that it is correct. Id. (citing, Pierce, supra, 108 S. Ct. at 2550). Moreover, even if the government's position is not supported by substantial evidence, the position taken by Commissioner may nonetheless be substantially justified. Id. The "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

Congress did not intend that the "substantially justified" standard raise a presumption that the government's position was not substantially justified because it was unsuccessful in a case. Id. (citing, Howard v. Barnhart, 376 F.3d 551, 554 (6th Cir. 2004) (internal citations and quotation marks omitted)). "Substantially justified" typically has not meant "justified to a high degree." Rather, the standard is satisfied if there is a "genuine dispute." In other words, the government's position is substantially justified if it is "justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person." Id.

The burden of showing substantial justification rests on the agency. Scarborough v. Principi, 124 S.Ct. 1856, 1865 (2004). For the agency's position to be substantially justified, both the underlying denial of disability and the agency's position in Court must have been reasonable. 28 U.S.C. §2412(d)(2)(D).

The substantial justification standard is distinct from the substantial evidence standard which governs review of the merits of Social Security disability determinations. See, Cummings v. Sullivan, 950 F.2d 492, 498 (7th Cir. 1991) (these two standards of review "are used at

5

different stages and involve different tests"). In fact, the Supreme Court has indicated that the substantial justification standard is not only different from, but is a lower standard than, the substantial evidence standard utilized in the underlying action. "[O]bviously, the fact that one agreed or disagreed with the Government does not establish whether its position was substantially justified. Conceivably, the Commissioner could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose." Pierce, supra, 487 U.S. at 569.

The Court must determine whether the government's position was justified in law and in fact to a degree that would satisfy a reasonable person. Pierce, 487 U.S. at 565.. See also, Perket v. Secretary of Health and Human Servs., 905 F.2d 129, 132 (6th Cir. 1990); Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989) (per curiam). "[T]he position of the government will be deemed to be substantially justified if there is a genuine dispute; or if reasonable people could differ as to the appropriateness of the contested action." Id.

The Court must examine the government's litigation position as a whole to determine whether it had a reasonable basis in law and fact. Cf. Commissioner, INS v. Jean, 496 U.S. 154, 161-62, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990) ("While the parties' positions on individual matters may be more or less justified, the EAJA--like other fee-shifting statutes--favors treating a case as an inclusive whole, rather than as atomized line-items."). .

**Defendant's Argument**

Defendant argues that the Commissioner's decision was substantially justified and EAJA fees should not be awarded.. Summarized, below, Defendant states:

      1.  Plaintiff appealed the ALJ's decision of non-disability on three grounds, and this Court affirmed the decision on two of those grounds: (i) ALJ had good reasons for discounting Plaintiff's treating physician's questionnaire response, (Memorandum Opinion and Order, Docket No. 22, at 13-15), and (ii)ALJ's determination as to Plaintiff's credibility was reasonable and ALJ properly discounted Plaintiff's testimony.  (Memorandum, supra, at 15-17).

      2.  The Court's remand order was based on its acceptance of Plaintiff's third argument, that the VE failed to consider Plaintiff's age, education and work experience when making an "other work" determination due to the ALJ's having omitted the vocational characteristics of age, education and work experience when stating his hypothetical.   (Memorandum, supra, at 17-18).

      3.  The Commissioner reasonably believed that such omission was merely procedural, and, thus, was only harmless error.  (Defendant's Response, Docket No.25, 3-4) (Tr. 528-36).

      4.  Plaintiff did not object to, or cross-examine the VE regarding, the omitted language, thus the Plaintiff viewed the ALJ's omission as having no consequence.  (Defendant's Response, Docket No.25, 4).

      5.  VE's signed, certified and dated an evaluation of the record evidence  three weeks prior to the hearing; such evaluation entails an assessment of Plaintiff's past relevant work, including job titles, physical demands, etc. and, therefore, inevitably would have resulted in the ALJ  considering Plaintiff's vocational characteristics, i.e., age, education and past work.  (Defendant's Response, Docket No.25, 4). (Tr. 88-89).

      6.  The VE's response to the ALJ's first hypothetical (where the VE stated that Plaintiff could not  perform her past relevant work), must have necessarily drawn upon the evaluation that the VE had prepared three weeks earlier.  On this basis, the Commissioner could have reasonably believed that the omission was not harmful error.  (Defendant's Response, Docket No.25, 4). (Tr. 529)[1]

      7.  The VE's testimony would have been no different had Plaintiff's age and education been expressly noted at the hearing because the relevant Grid rules regarding available light jobs explicitly contemplate Plaintiff's vocational characteristics, thus a person of Plaintiff's age and education would be able to perform the jobs identified by the VE. (Defendant's Response,

---

[1] Defendant acknowleges that the ALJ's hypothetical question should have explicitly included language specifically instructing the VE to consider age, education and work experience.  (Defendant's Response, Docket No. 25).

Docket No. 25, 5).

8. Accordingly, even though this Court ultimately disagreed, it was not unreasonable for the Commissioner to assume that there was a reasonable basis for defending its position on this issue and, thus, was substantially justified for the purposes of an EAJA claim. (Defendant's Response, Docket No. 25, 5).

**Plaintiff's Argument**

Plaintiff argues that "[T[he actions of the administrative law judge were not reasonable for the reasons stated by the Magistrate Judge. The administrative law judge failed to provide a full hypothetical question to the vocational expert. As such, the government's position was not substantially justified and Plaintiff is entitled to fees and costs under the EAJA." (Plaintiff's Application, Docket No. 24, p. 2). Summarized below, Plaintiff states:

1. Defendant's objections to Plaintiff's fee application is based solely on Defendant's belief that the Commissioner "reasonably believed" that the omission of vocational characteristics in the hypothetical was harmless error. (Plaintiff's Reply, Docket No. 26, 1).

2. Defendant's claim that Plaintiff also believed the omission was harmless because Plaintiff's counsel did not object or cross-examine is incorrect, since Plaintiff did not "necessarily" believe that the error was harmless. (Plaintiff's Reply, Docket No. 26, 1).

3. At step five of the sequential analysis, the burden is on the Commissioner to come forward with proof. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980).

4. Defendant is incorrect in asserting that the VE would have necessarily incorporated the particulars of the omission when formulating his response to the ALJ's hypothetical at the hearing merely because the VE had earlier prepared a written evaluation. The mere fact that the VE may have addressed Plaintiff's past relevant work (when preparing his evaluation) is not evidence that the VE actually considered such matters when assessing whether Plaintiff could perform other work in his response to the ALJ's hypothetical at the hearing. (Plaintiff's Reply, Docket No. 26, 2).

5. Defendant is incorrect in asserting that the VE's testimony would have been no different had Plaintiff's age, education and work experience been considered because the of the

application of the Grids pertaining to a person capable of light work. (Plaintiff's Reply, Docket No. 26, 2).

6. It is improper to apply the Grids where there are significant non-exertional impairments, and the ALJ found numerous non-exertional impairments limiting the range of light work available to Plaintiff. (Plaintiff's Reply, Docket No. 26, 2).

7. Defendant's assertion - that the VE's testimony would have been no different if the ALJ had explicitly articulated the omitted age, education and work particulars in setting forth his hypothetical - is mere speculation. (Plaintiff's Reply, Docket No. 26, 3).

**Analysis**

The essence of the instant dispute regarding Plaintiff's EAJA claim turns on whether the Commissioner's denial of Plaintiff's disability claim was substantially justified in light of the ALJ's failure to enumerate, specifically and explicitly, the conditions of age, education and work experience in his hypothetical to the VE.

The agency bears the burden of showing substantial justification. Scarborough, supra, 124 S.Ct. 1856. To be substantially justified, both the underlying denial of disability and the agency's position in Court must have been reasonable. 28 U.S.C. §2412(d)(2)(D).

The Court must examine the government's litigation position as a whole to determine whether that position had a reasonable basis in law and fact. Commissioner, INS, supra, 496 U.S. 154.. "While the parties' positions on individual matters may be more or less justified, the EAJA--like other fee-shifting statutes--favors treating a case as an inclusive whole, rather than as atomized line-items." Id., at 161-62. Thus, a reasonableness determination of substantial justification should be made with an eye toward the whole of a case.

Viewed from this perspective, Defendant's assertion - that because the VE had prepared a

9

written evaluation three weeks prior to the hearing, the VE was likely cognizant at the hearing of the Plaintiff's age, education and work experience (despite the ALJ's failure to articulate explicitly these characteristics in his hypothetical) - takes on a semblance of reasonableness.

On the other hand, a competing (though not necessarily contradictory) principle that requires the ALJ  to present a complete hypothetical question to a VE is well established in the law.   Howard v. Comm'r of Soc. Sec., 276 F.3d 235, 239 (6th Cir. 2002), Varley v. Sec'y of Health & Human Servs., 820 F.2d 777, 779 (6th Cir. 1987)).  A vocational expert's testimony is evidence of non-disability only where the hypothetical to which the VE is responding accurately summarizes an applicant's medical limitations and vocational factors.  Myers v. Weinberger, 514 F.2d 293, 294 (6th Cir. 1975); Noe v. Weinberger, 512 F.2d 588, 596 (6th Cir.1975).

In the context of completeness, it is fundamental that a disability evaluation under the Social Security Act take into consideration age, education and work experience.

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.

42 U.S.C. §423(d)(2)(A) (emphasis added).

In this light, as previously stated by this Court in its Memorandum Opinion and Order:

> Plaintiff claims that this case should be remanded as the responses of the VE did not consider age, education and work experience. Such consideration is required.  In order for a VE's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments. Ealy, supra, 594 F.3d at 516 (See Howard v. Commissioner of Social Security, 276 F.3d at 239, 241 (6th Cir.2002); see also Webb v. Commissioner of Social Security, 368 F.3d 629, 633 (6th Cir. 2004) (though an ALJ need not list a claimant's medical conditions, the

>hypothetical should provide the vocational expert with ALJ's assessment of the what the claimant "can and cannot do"). The hypothetical must examine four essential factors: (1) claimant's age; (2) claimant's education; (3) claimant's past work experience; and (4) claimant's residual functional capacity. 20 C.F.R. § 404.1505(a) (Thomson Reuters 2010).
>
>In this case, Defendant contends that this error is harmless because the ALJ referred to the Grids as a guideline for determining the range of available work. The Magistrate notes that the grids do take into account, the claimant's age, education, experience and RFC. Reliance on the grids in the presence of the non-exertional limitations in this case was not appropriate. At least one of the questions posed to the VE failed to examine the four essential factors of age, education, past work experience and RFC as required under 20 C.F.R. § 404.1505(a). In both instances, the ALJ failed to find the availability of other work that Plaintiff can perform. The case is remanded to the ALJ for consideration of evidence as to whether an accurately portrayed Plaintiff can perform the range of work permitted by her exertional and non-exertional limitations.

(Memorandum Opinion and Order, Docket No. 22, 17-18).

This Court acknowledges that the substantial justification standard differs from the substantial evidence standard which latter governs review of the merits of Social Security disability determinations. See, Cummings, supra, 950 F.2d 492, 498 (7th Cir. 1991). Moreover, the substantial justification standard not only differs from, but is a lower standard of review than, the substantial evidence standard, meaning that the Commissioners could, in denying disability, take a position that was substantially justified even though it was not supported by substantial evidence and, thus, lose a case. See, Pierce, supra, 487 U.S. at 569.

Applicable to the issue under scrutiny in the case before this Court is Kinsora v. Comm'r of Soc. Sec. 2011 U.S. Dist LEXIS 63006 (E.D. Mich., S.D., April 11, 2011), an EAJA fee case wherein Plaintiff asserted that the Commissioner's position was not substantially justified because, inter alia, "the ALJ failed to adddress several of plaintiff's physical and mental limitations in his RFC and in posing the hypothetical question of the vocational expert." Kinsora,

supra, 2011 U.S. Dist. LEXIS 63006, *5. (emphasis added). "Specifically, the ALJ's RFC and hypothetical question omitted the postural limitations set forth . . . in the physical RFC assessment . . .." Id. (emphasis added).

As noted by the Court in Kinsora, "[T]he errors for which this case was remanded relate primarily to the failure of articulation on the part of the ALJ . . .." Kinsora, supra, 2011 U.S. Dist. LEXIS 63006, *10. The Court in Kinsora agreed with the general interpretive principle applicable to EAJA and similar fee-shifting statutes announced by the Supreme Court in Commissioner, INS, supra, 496 U.S. 154, at 161-62 (that such cases should be treated as an "inclusive whole"), further stating that, "in assessing whether the Commissioner's position was substantially justified, the Court must look at the whole of the government's position" Kinsora, supra, 2011 U.S. Dist. LEXIS 63006, *10.

In the underlying disability case (from which Plaintiff's current EAJA application arises) the Court concurred with the Commissioner's position on two of the three issues raised in Plaintiff's Brief on the Merits (Docket No. 17), finding (i) that the ALJ was warranted in concluding that the opinion of Plaintiff's treating physician - concerning Plaintiff's need to rest or miss work - was speculation and not medical judgment and that the ALJ satisfied agency procedural requirements by giving good reasons for discounting Plaintiff's treating physician's questionnaire response, (Memorandum Opinion and Order, Docket No. 22, 15) and (ii) that the ALJ was warranted in concluding that Plaintiff was not credible in the hearing process and that Plaintiff's testimony - that she had nerve root damage - was not credible and was not supported by objective medical evidence, (Memorandum Opinion and Order, Docket No. 22, 17). As previously noted, Plaintiff's disability case was remanded to the ALJ only because the ALJ

12

failed to articulate specifically age, education and work experience in his hypothetical to the VE.

As discussed in Kinsora, and as is apparent from a review of this Court's reasons for rejecting two of the three issues raised by Plaintiff in Plaintiff's Brief on the Merits, the current case was "not a case where overwhelming evidence of disability was presented" Kinsora, supra, 2011 U.S. Dist. LEXIS 63006, *10, referring to, Saal v. Comm'r of Soc. Sec., 2010 U.S. Dist. LEXIS 69845, 2010 WL 2757554, *3 (W.D. Mich. 2010).  As such, and in accordance with the interpretive framework which provides that when assessing substantial justification a court shall look at the whole of the government's position this Court finds the following:

1.  The Court is not persuaded by Defendant's argument that the ALJ's omission was, essentially, irrelevant because the Grid rules pertaining to available light jobs supposedly contemplate Plaintiff's vocational characteristics.  The Court finds that it was unreasonable for the Commissioner to assume (as Defendant argues) that, in the absence of a complete hypothetical, that the Grids comprised a substantially justifiable basis for the Commissioner's position. (Defendant's Response, Docket No. 25, 5).  Rather, the Court is inclined towards Plaintiff's view in this matter and observes that the it is improper to apply the Grids where there are significant non-exertional impairments, noting that the ALJ found numerous non-exertional impairments limiting the range of light work available to Plaintiff. (Plaintiff's Reply, Docket No. 26, 2). (Memorandum Opinion and Order, Docket No. 22, 17-18).

2.  The Court does accept Defendant's argument that the Commissioner's denial of disability, in light of the ALJ's omission, was substantially justified because Plaintiff failed to object or cross-examine about the omitted age, education work experience references at the hearing.  Plaintiff's failure to object or cross-examine belies Plaintiff's assertion that she did not

13

necessarily find the omission to be harmless error.  Had Plaintiff regarded the omission of this language in the ALJ's question to be other than harmless error she would have taken steps to protect her interests.  To adopt Plaintiff's perspective on this matter would compel the Court to accept the proposition that Plaintiff was cognizant that the omitted language resulted in VE testimony that was fundamentally adverse to Plaintiff's interests and yet did nothing, by way of objecting or cross-examining, to attempt to rectify this issue.  Rather, Plaintiff's failure to object or cross-examine on this matter indicates that Plaintiff, along with others (including the VE and the ALJ), assumed that the age, education and work experience factors informed the VE's hearing testimony despite the ALJ's failure to specifically enumerate them.  Accordingly, on this basis the Court find's the Commissioner's position to be substantially justified.

      3.  The Court finds persuasive Defendant's argument that the ALJ's omission was, essentially, irrelevant, because the VE had likely considered the omitted factors (i.e., age, education, work history) when preparing his evaluation and, thus, would have been informed by such considerations during the hearing when responding to the hypothetical.  The Court does not find this position to be unduly speculative or unreasonable.  Analysis of  "substantial justification" in the EAJA context should  be made upon consideration of the whole of the record and not mere "atomized" parts, see, Commissioner, INS, supra, 496 U.S. 154, and despite the completeness requirement applicable to  hypothetical questions, the Court is more convinced that it is reasonable to assume that the VE's answer to the ALJ's hypothetical was informed by an existing knowledge of the age, education and relevant work factors arising out of the work the VE had done previously in preparing his evaluation.   Accordingly, this Court finds that the Commissioner was substantially justified in assuming that the VE had considered the age,

education and work experience factors in his answer at the hearing because the VE would have considered these factors during the preparation of his evaluation.

Therefore, upon review of the whole of this case and in light of the various standards discussed, above, this the Court finds that the Commissioner's position was substantially justified.

## CONCLUSION

For these reasons, Plaintiff's Application Attorney Fees Under the Equal Access to Justice Act (EAJA) is DENIED.

IT IS SO ORDERED.

                                                /s/ Vernelis K. Armstrong
                                                United States Magistrate Judge

Date:   December 13, 2011